# Pennsylvania Company for Insurance on Lives and Granting Annuities *v.* Philadelphia Contributionship, Appellant.

*Insurance—Fire insurance—Rebuilding—Change in building laws.*

In ascertaining the loss resulting from the partial burning of a building covered by a policy of fire insurance, the true result is to be reached by taking the cost of reconstruction according to the conditions existing and lawfully imposed at the time when the fire occurred. If a change in the building laws requires walls of an increased thickness in the rebuilding, the increased expense must be paid by the insurance company, up to the extent of the amount designated in the policy.

Argued Jan. 7, 1902. Appeal, No. 146, Jan. T., 1901, by defendant, from judgment of C. P. No. 4, Phila. Co., Oct. T., 1900, No. 270, on case stated in suit of Pennsylvania Company for Insurance on Lives and Granting Annuities, Executor and Trustee of Sarah B. Van Syckel, Deceased, v. Philadelphia Contributionship for Insurance of Houses from Loss by Fire. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Cases stated to determine the liability under a policy of fire insurance.

WILLSON, J., filed the following opinion:
On October 14, 1851, the defendant company issued a policy of insurance against fire to William Wurts, in the amount of $5,000, on a brick store and counting house, situated on

the north side of Market street, between Fourth and Fifth streets, as per a survey of the same which was attached to the policy, signed and agreed to by the assured. In the survey the walls were described as eighteen, fourteen and nine-inch walls. By subsequent transfers, approved by the defendant company, the ownership of the said policy of insurance became vested in the plaintiff's testatrix, who was at the time of her death the owner of the property referred to. She also held another policy of insurance upon the same property for $10,000, issued by the Franklin Fire Insurance Company, and the defendant company indorsed upon the policy now in suit that such insurance was allowed, the loss, if any, in case of fire to be borne proportionately. Subsequent to the issuing of the policy by the defendant company, various other privileges were given to the assured upon additional deposits being made, but for the purpose of this case it is not necessary to refer to such matters in detail. On November 29, 1899, a portion of the building covered by the insurance was destroyed by fire. It was then found that in consequence of an act of assembly regulating the construction, maintenance and inspection of buildings in cities of the first class, which was approved May 5, 1899, P. L. 193, it was not possible to reconstruct the part of the building which was destroyed in the same manner in which it existed before the fire. Under the provisions of the act, the municipal authorities in charge of such matters required that the wall should be constructed of a thickness greater than that which was stated in the survey referred to. This necessitated either the tearing down and the rebuilding of those walls, or strengthening them by means of a steel construction. This latter plan was in point of fact adopted, because of a smaller expense being thus made possible. If the building could have been reconstructed after the fire without the demolition of the walls in order to comply with the requirements of the law, the cost of construction would have been $6,650, but the actual cost of rebuilding in the method prescribed was $11,330.36. In point of fact, the market value of the building after its reconstruction according to those requirements was no greater than it would have been if it had been rebuilt according to its original plan, as described in the survey.

The foregoing résumé of the case is, in substance, that which is agreed to by the parties in their agreement for the case stated. The controversy between the parties arises upon these recited facts. The plaintiff demanded from the defendant one third, or its proportionate share, of the cost of rebuilding the premises according to the requirements of the law, namely, $3,776.79. The defendant declined to pay that sum, but offered to pay $2,216.67, which is admitted to be its one third or proportionate share of what would have been the cost of rebuilding according to the description contained in the survey. Indeed, this sum has been paid by the defendant company to the plaintiff, so that the amount which is involved in this controversy is the difference between the amount paid and the amount claimed, namely, $1,516.12. If the last-named amount shall be found by the court to be due to the plaintiff, then it is agreed that judgment shall be entered for the plaintiff for that amount, with interest from March 1, 1900; but otherwise that judgment shall be entered in favor of the defendant.

The point involved in this controversy is a novel one. The industry of the counsel for plaintiff and for defendant has not succeeded in finding any precedents which throw light directly upon the case, and we have not been able to make any more fruitful search. It is necessary, therefore, to attempt to dispose of the question involved in the case on principles which are equitable and reasonable, in view of the nature of the contract which existed between the parties. Without any elaboration of the thought, it is hardly necessary to say that the contract was intended to give to the party assured indemnity and protection against loss by fire, up to a certain specified amount. The liability of the insuring company could not, whatever the loss might be, be carried beyond the amount designated in the policy. But up to that amount, whatever the loss might be, the insuring company would be liable, either fully or proportionately, according to the circumstances of the case. This position must be regarded as unquestionable, in view of the well recognized doctrine of the law in regard to such contracts. The difficulty in the case arises when the effort is made to determine what was the loss against which the company insured; or, in other words, upon what basis

the plaintiff can estimate the damages which are proper to be included in the loss insured against. Are such damages only such as are to be arrived at by a computation of the cost of the reconstruction of the building exactly according to the description contained in the survey attached to the policy, or is the true result to be reached by taking the cost of reconstruction according to the conditions existing and lawfully imposed at the time when the fire occurred? Certainly it would not be claimed that the insurers are only liable for such an estimate of cost as would be based upon the market price of materials at the time when the contract of insurance was made. It would seem, also, if the materials out of which the building was originally constructed were not to be obtained at the time of the fire and reconstruction, that the insurers would be liable for the cost of reconstruction out of such materials as were reasonably proper and adequate at the time of rebuilding.

These illustrations indicate that a contract of insurance may need to be interpreted with regard to changed conditions for the purpose of arriving at a proper standard for estimating the extent of the liability of an insuring company at the time of loss. It is our judgment that the case in hand must fall under such a general classification. It has long been well recognized that building regulations and restrictions were matters properly within the scope of legislative and municipal authorities. This must have been known to the contracting parties at the time when the policy involved in this suit was issued. The defendant company did not, by the terms of the policy, become liable only for the loss which might accrue to the owner of the policy in case of fire to the extent of what it would cost to rebuild the premises injured according to the actual dimensions of the walls of the building as described in the survey. It did insure a building which corresponded to the description therein contained, but the insurance was against loss to the owner by reason of the destruction or injury of that building by fire, and if, in consequence of a state of the law existing at the time of the fire, the loss was increased above what it would have been by reason of regulations which required the rebuilding to be done in some other way, according to some different plan, for the protection of the community, it seems to us that there is nothing in good reason, or in law, why the insuring company would

not be held liable for the actual loss thus incurred, up to the extent of the amount designated in the policy, provided the proportional amount of the loss falling upon the company reached that sum.  Applying such a principle would not involve the insuring company in any loss greater in extent than that which it undertook to assume when the policy was made, and the method of arriving at the extent of the loss which we have adopted, appears to us a just, reasonable and lawful one.

The decision in Brown v. Insurance Co., 1 Ellis & Ellis, 853, while not ruling the exact question involved in this case, yet may be regarded as in general harmony with the view already expressed, so far as the differing facts of the two cases would allow.

Brady v. Insurance Co., 11 Mich. 445, and Insurance Co. v. Garlington, 66 Texas, 103, were referred to in the argument, but they turned upon a different point, and they are only mentioned here for the information of those who may hereafter be interested in the question under discussion.

Judgment will therefore be entered for the plaintiff for the sum of $1,658.92.

*Error assigned* was in entering judgment for plaintiff on case stated.

*W. W. Montgomery,* for appellant.

*John G. Johnson,* for appellee.

PER CURIAM, February 24, 1902:

We affirm the judgment in this case on Judge WILLSON'S opinion.